IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | Master Docket No.: 2:18-mn-2873-RMG |
| CITY OF CAMDEN, et al., <br><br> *Plaintiffs,* <br><br> -vs- <br><br> E.I DUPONT DE NEMOURS AND COMPANY (n/k/a EIDP, Inc.), et al., <br><br> *Defendants.* | Civil Action No.: 2:23-cv-3230-RMG |

Before the Court is the parties' joint motion to amend paragraph 29 of the Order granting preliminary approval of Settlement Agreement (the "Order"). (Dkt. No. 3678). The parties seek to amend and clarify the Order's "Stay Order and Injunction." (*Id.* at 2). The parties indicate they further believe it would be "beneficial to the Court's consideration" to conform the stay language in the Order with that used in the Court's order granting preliminary approval to a settlement reached between Public Water Systems and the 3M Company (Dkt. No. 3626). (*Id.*).

The Court has reviewed the proposed changes and grants the parties' joint motion, finding that said changes express the original intent of the parties. Paragraph 29 of the Order granting preliminary approval of settlement, (Dkt. No. 3603), is modified and now reads:

> All litigation in any forum brought by or on behalf of a Releasing Person and that asserts a Released Claim, and all Claims and proceedings therein, are hereby stayed as to the Released Persons, except as to proceedings that may be necessary to implement the Settlement. All Releasing Persons are enjoined from filing or prosecuting any Claim in any forum or jurisdiction (whether federal, state, or otherwise) against any of the Released Persons, and any such filings are stayed; provided, however, that after the Final Fairness Hearing, the stay and injunction shall not apply to any Person who has filed (and not withdrawn) a timely and valid Request

for Exclusion. This Paragraph also shall not apply to any lawsuits brought by a State or the federal government in any forum or jurisdiction. The stay and injunction provisions of this Paragraph will remain in effect until the earlier of (i) the Effective Date, in which case such provisions shall be superseded by the provisions of the Order Granting Final Approval, and (ii) the termination of the Settlement Agreement in accordance with its terms. This Order is entered pursuant to the Court's Rule 23(e) findings set forth above, in aid of its jurisdiction over the members of the proposed Settlement Class and the settlement approval process under Rule 23(e). All statutes of limitations, statutes of repose, or other limitations period imposed by any jurisdiction in the United States are tolled to the extent permitted by law with respect to each Released Party for any Claim of a Releasing Party that is subject to the stay and injunction provisions of this Paragraph from (i) August 22, 2023 until (ii) thirty (30) calendar days after the stay and injunction provisions cease to apply to such Claim under the terms of this Paragraph, after which the running of all applicable statutes of limitations, statutes of repose, or other limitations periods shall recommence. Nothing in the foregoing sentence shall affect any arguments or defenses existing as of the entry of this Order, including but not limited to any prior defenses based on the timeliness of the Claims such as defenses based on statutes of limitation and statutes of repose.

No other provision of the Order is modified.

**AND IT IS SO ORDERED**

September 15, 2023
Charleston, South Carolina

                                                s/Richard M. Gergel
                                                Richard M. Gergel
                                                United States District Judge