IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) City of Camden, *et al.*, ) ) Plaintiffs, ) ) vs. ) ) E.I. Dupont De Nemours and Company (n/k/a EIDP, Inc.), *et al.*, ) ) Defendants. ) ) ) | C.A. No. 2:18-2873-RMG C.A. No. 2:23-3230-RMG **ORDER** |

The Court has received the declaration of the Notice Administrator relating to opt outs to the proposed class action settlement in the above captioned matter. (Dkt. No. 165). The Court recently conducted a telephone conference with staff members of the Notice Administrator to obtain an understanding of the standards utilized by the Notice Administrator in determining whether certain submitted opt out documents did not comply with Paragraph 9.7 of the Settlement Agreement. As a result of this telephone conference, the Court determined that the Notice Administrator would be assisted by guidance in assessing compliance with the requirements of the opt out provisions of the Settlement Agreement. It is well settled that an "opt out request need not perfectly conform to the format chosen by the district court or the proposed settlement agreement to effectively express a desire to opt out of a class action settlement." *In re Deepwater Horizon*, 819 F.3d 190, 196 (5th Cir. 2016). On the other hand, "[o]pting out of a class action settlement is

1

an 'individual right' that 'must be exercised individually' in order to protect the due process rights of class members. As a result, courts routinely require class members to fill out and sign individually a hardcopy opt-out form in order to be excluded from a settlement and prohibit so-called 'mass opt-outs,' where an attorney or law firm files a single, unsigned opt out form on behalf of a large group of class members." *In re TikTok, Inc. Consumer Privacy Litigation*, 617 F.Supp.3d 904, 931 (N.D. Ill. 2022) (internal citations omitted).

Recognizing these basic standards, the Court proposes providing the Notice Administrator the following statements as guidance in reviewing opt outs for compliance with the Settlement Agreement:

1. Opt outs submitted in a single envelope by a law firm on behalf of multiple clients, each of which has included individually completed opt out forms in compliance with Paragraph 9.7 of the Settlement Agreement, should not be deemed a "mass" or "group" opt out under Paragraph 9.7.5 of the Settlement Agreement.

2. If a municipality or other entity owns multiple Public Water Systems ("PWS") and submits a single opt out form for those PWS, and said form otherwise complies with Paragraph 9.7 of the Settlement Agreement and the Parties' Joint Interpretive Guidance on Entities that Own and/or Operate Multiple Public Water Systems (Dkt. No. 52-1), said municipality or entity should not have its opt out deemed noncompliant as a "mass" or "group" opt out. However, where a non-owner of PWS submits a single opt out for multiple PWS, such joint submissions should be treated as non-compliant under Paragraph 9.7.5.

3. An opt out form otherwise in compliance with Paragraph 9.7 of the Settlement Agreement should not be deemed non-compliant under Paragraph 9.7 because the form indicates the intent to opt out of both the Dupont and 3M settlements.

4. An opt out form that is otherwise in compliance with Paragraph 9.7 that omits some of the information required by Paragraph 9.7.1.2 but is otherwise identifiable to the Notice Administrator should not be deemed non-compliant under Paragraph 9.7.

5. An opt out form that was received by the Notice Administrator after the deadline for opt out submissions of December 4, 2023 but carries satisfactory evidence it was mailed or submitted to a delivery service on or before December 4, 2023 should not be deemed non-complaint under Paragraph 9.7.1.4 so long as the opt out form otherwise complies with Paragraph 9.7.  Further, if a PWS timely submitted an opt out notice via email that was otherwise in compliance with Paragraph 9.7, the receipt of the hard copy of the opt out form after December 4, 2023 would not be considered noncompliant.

To the extent that Class Counsel and/or the above captioned Dupont-related Defendants object to any of the instructions set forth above, objections must be submitted within 48 hours of this Order.  The Court's plan is to issue this guidance to the Notice Administrator shortly thereafter and to direct the Notice Administrator to review the opt out forms and to revise, as necessary, the Notice Administrator's determinations regarding noncompliance.  The list of PWS determined by the Notice Administrator to be noncompliant after completing this review will be fully disclosed on the docket with an indication regarding which aspect of the opt out submission has been determined to be noncompliant and the cause of such noncompliance.  Thereafter, the Court will afford all PWS which have had their opt out submissions determined to be noncompliant an opportunity to file objections to that determination and Class Counsel and the Dupont-related Defendants to file a response.  Further, any party wishing to contest a finding that an opt out complied with the Settlement Agreement is authorized to do so.  For now, the Notice Administrator

is directed not to communicate with any PWS regarding their compliance/noncompliance status until further order of the Court.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

January 22, 2024
Charleston, South Carolina