IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION ) ) | Master Docket No.: 2:18-mn-2873-RMG |
| CITY OF CAMDEN, et al., )<br>)<br>*Plaintiffs,* )<br>)<br>-vs- )<br>)<br>E.I. DUPONT DE NEMOURS AND COMPANY (n/k/a EIDP, Inc.), et al. )<br>)<br>*Defendants.* ) | Civil Action No.: 2:23-cv-03230-RMG |

## ORDER GRANTING JOINT MOTION TO AMEND PRELIMINARY APPROVAL ORDER

Before the Court is the Parties' joint motion to amend the Preliminary Approval Order (ECF No. 4420). For good cause shown, the Court GRANTS the Parties' motion.

Paragraph 24 of the Court's August 22, 2023 Preliminary Approval Order is amended as follows (amendment in italics):

The assertion of an Objection does not operate to opt the Person asserting it out of, or otherwise exclude that Person from, the Settlement Class. A Person within the Settlement Class can opt out of the Settlement Class and Settlement only by submitting a valid and timely Request for Exclusion in accordance with the provisions of Paragraph 9.7 of the Settlement Agreement and Paragraphs 15 to 16 of this Order. *Further, the withdrawal of a Request for Exclusion does not permit a Person to assert new Objections nor revive previously asserted Objections.*

3

Paragraph 29 of the Court's August 22, 2023 Preliminary Approval Order, as amended on September 15, 2023 (C.A. 2:23-3230, ECF No. 36), is further amended as follows (amendment in italics):

All litigation in any forum brought by or on behalf of a Releasing Person and that asserts a Released Claim, and all Claims and proceedings therein, are hereby stayed as to the Released Persons, except as to proceedings that may be necessary to implement the Settlement. All Releasing Persons are enjoined from filing or prosecuting any Claim in any forum or jurisdiction (whether federal, state, or otherwise) against any of the Released Persons, and any such filings are stayed; provided, however, that after *March 1, 2024*, the stay and injunction shall not apply to any Person who has filed (and not withdrawn) a timely and valid Request for Exclusion. This Paragraph also shall not apply to any lawsuits brought by a State or the federal government in any forum or jurisdiction. The stay and injunction provisions of this Paragraph will remain in effect until the earlier of (i) the Effective Date, in which case such provisions shall be superseded by the provisions of the Order Granting Final Approval, and (ii) the termination of the Settlement Agreement in accordance with its terms. This Order is entered pursuant to the Court's Rule 23(e) findings set forth above, in aid of its jurisdiction over the members of the proposed Settlement Class and the settlement approval process under Rule 23(e). All statutes of limitations, statutes of repose, or other limitations period imposed by any jurisdiction in the United States are tolled to the extent permitted by law with respect to each Released Party for any Claim of a Releasing Party that is subject to the stay and injunction provisions of this Paragraph from (i) August 22, 2023 until (ii) thirty (30) calendar days after the stay and injunction provisions cease to apply to such Claim under the terms of this Paragraph, after which the running of all applicable statutes of limitations, statutes of repose, or other limitations periods shall recommence. Nothing in the foregoing sentence shall affect

any arguments or defenses existing as of the entry of this Order, including but not limited to any prior defenses based on the timeliness of the Claims such as defenses based on statutes of limitation and statutes of repose.

**AND IT IS SO ORDERED.**

Charleston, South Carolina, this 1st day of February, 2024.

<u>s/Richard M. Gergel</u>
UNITED STATES DISTRICT JUDGE
